UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VSIM PATENT CO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>KEITH BENSON, *et al.*,<br><br>    Defendants. | Case No. C12-102RSL<br><br>ORDER GRANTING 12(B)(2) MOTION TO DISMISS FOR LACK OF JURISDICTION |

This matter comes before the Court on the "Motion of Specially Appearing Defendants[1] . . . to Dismiss the Complaint for Lack of Personal Jurisdiction" (Dkt. # 15). The objecting Defendants contend that this Court lacks personal jurisdiction over them and ask for their fees pursuant to RCW 4.28.185(5). The Court GRANTS the motion.

## I. BACKGROUND

On its face, this diversity action concerns a dispute over ownership of United States Patent No. 6,747,547 (the '547 patent). Plaintiff contends that it is the rightful owner of the '547 patent and asks the Court to "quiet title" by declaring that it holds "sole ownership interest in '547." E.g., Dkt. # 1 at 8 ¶ B. Ironically, the objecting Defendants do not disagree. Mot. (Dkt. # 15) at 2. As they note, "the official register of the U.S. Patent and Trademark Office shows that the plaintiff, VSIM Patent Co, LLC, was assigned the entire title to the '547 Patent on December 12, 2011." Id.

---

[1] For purposes of this motion, "the objecting Defendants" includes Newcom Holdings Pty. Ltd., Aussie LLC Pty. Ltd., Mobile VPT Limited, Fractal Commerce, Inc., Keith Benson, and Bencom Group Pty. Ltd.

ORDER GRANTING 12(B)(2) MOTION TO DISMISS FOR LACK OF JURISDICTION - 1

Thus, this case really boils down to a dispute over the validity and ownership of licenses and sub-licenses granted or received by one or more of the Defendants before Plaintiff took ownership of the patent. E.g., Dkt. # 1 at 8 ¶¶ C–G. Plaintiff asks the Court to declare each of these licenses invalid or, in the alternative, to declare that it is the sole lawful owner of each.[2] Id.

## II. DISCUSSION

The objecting Defendants' motion is simple and straightforward. They correctly note that it is Plaintiff's burden to establish this Court's jurisdiction, Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996), and argue that Plaintiff has failed to meet its burden of making "an evidentiary showing of personal jurisdiction." Mot. (Dkt. # 15) at 6.

Plaintiff disagrees. It argues that personal jurisdiction over each of the Defendants is appropriate under either of two theories. First, relying on the assertion that "patents . . . have the attributes of personal property," 35 U.S.C.A. § 261, it argues that this Court has *in rem* jurisdiction over the patent and thus each objecting Defendant. Opp. (Dkt. # 19) at 2–3. Second, it contends that specific personal jurisdiction exists as to each objecting Defendant because each purposefully availed itself of the privilege of doing business in Washington in regard to the specific licenses at issue.[3] Id. at 3–6.

Because this is a diversity action, the Court would ordinarily consider both (1) whether the forum state's long-arm statute permits the assertion of jurisdiction and (2)

---

[2] Plaintiff's complaint does not specify a cause of action in support of its request. Given the fact that Plaintiff relies on this Court's diversity jurisdiction alone, the Court presumes that Plaintiff intends to rely exclusively on state law. The Court is also left to presume that Washington state law would control.

[3] Plaintiff also asserts that Defendant's declaration in support of its motion lacks a factual basis and is incomplete, vague, and self-serving. Opp. (Dkt. # 19) at 2–3. The Court disagrees. The declarant, Mr. Benson, provides a sufficient basis for his knowledge of each Defendant's dealings and the Court finds nothing incomplete, vague, or incredible about his statements. Dkt. ## 16, 22. Moreover, Plaintiff's attack largely misses the point. It is Plaintiff who must prove jurisdiction—not Defendants who must disprove jurisdiction.

ORDER GRANTING 12(B)(2) MOTION TO DISMISS FOR LACK OF JURISDICTION - 2

whether assertion of personal jurisdiction violates federal due process. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006). In this case, though, the Court's inquiry is simplified by the fact that Washington's long-arm statute, RCW 4.28.185,[4] "extends jurisdiction to the limit[s] of federal due process." Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1405 (9th Cir. 1994) (citations omitted) (footnote added). Thus, the Court can consider only whether "the exercise of jurisdiction [would] comport with federal due process," i.e., whether *in rem* or specific *in personam* jurisdiction exists. Id. at 1405–06. In undertaking this task, the Court recognizes that "[w]here, as here, the district court receives only written submissions, the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). "[U]ncontroverted allegations in [Plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiff's] favor." Id.

**A. *In Rem* Jurisdiction**

Plaintiff first contends that Washington has *in rem* jurisdiction over each of the Defendants. The Court disagrees.

The parties devote the bulk of their *in rem* jurisdiction arguments to the issue of whether intangible property like the '547 Patent could be considered "personal property situated" in Washington simply because its current owner, Plaintiff, resides in

---

[4] In relevant detail, RCW 4.28.185 provides:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
>
> (a) The transaction of any business within this state;
>
> (b) The commission of a tortious act within this state;
>
> (c) The ownership, use, or possession of any property whether real or personal situated in this state; . . . .

ORDER GRANTING 12(B)(2) MOTION TO DISMISS FOR LACK OF JURISDICTION - 3

Washington. Opp. (Dkt. # 19) at 2–3; Reply (Dkt. # 21) at 8–10. Though interesting, the point is ultimately immaterial. Plaintiff seeks to hale the objecting Defendants before this Court. And it is black letter law that an *in rem* action allows "the court jurisdiction only over the *res*, and not over the defendant personally." United States v. Henderson, 844 F.2d 685, 688 (9th Cir. 1988); S.E.C. v. Ross, 504 F.3d 1130, 1139 n.9 (9th Cir. 2007) ("Exercising *in rem* jurisdiction would have served to give notice to Bustos, but it would not have given the court *in personam* jurisdiction over him."). Thus, regardless of whether this Court has *in rem* jurisdiction over the '547 Patent,[5] Plaintiff must demonstrate *in personam* jurisdiction over an objecting Defendant before it may assert a claim against it.[6]

**B. Specific Jurisdiction**

The Court next considers Plaintiff's contention that it has demonstrated that each of the objecting Defendants is amenable to specific personal jurisdiction in the state of Washington. The Court finds that it has not.

For specific jurisdiction to exist, "a defendant . . . must have 'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Pebble Beach, 453 F.3d at 1155 (quoting

---

[5] The Court notes that the situs of intangible property does not automatically equate to the domicile of its owner. Hanson v. Denckla, 357 U.S. 235, 246–47, 249 (1958) ("Tangible property poses no problem for the application of this rule, but the situs of intangibles is often a matter of controversy. . . . The fact that the owner is or was domiciled within the forum State is not a sufficient affiliation with the property upon which to base jurisdiction *in rem*."); FFOC Co. v. Invent A.G., 882 F. Supp. 642, 649 (E.D. Mich. 1994) ("Courts have generally held that '[a] patent gives to the patentee nothing more than an intangible property interest; namely, the right to exclude others from the use of the patent.' Thus, a patent . . . may not be considered as a 'res' with a definite situs within the district where the suit is brought." (citation omitted)).

[6] The Court also questions whether this action could be considered a proper *in rem* action given that the Plaintiff has not named the '547 Patent as a party. United States v. Approximately $1.67 Million (US) in Cash, Stock and Other Valuable Assets, 513 F.3d 991, 996 (9th Cir. 2008) ("Jurisdiction *in rem* is predicated on the 'fiction of convenience' that an item of property is a person against whom suits can be filed and judgments entered.").

ORDER GRANTING 12(B)(2) MOTION TO DISMISS FOR LACK OF JURISDICTION - 4

Int'l Shoe Co. v. Washington, 326 U.S. 310, 315 (1945)). "This 'minimum contacts' test is satisfied" in the Ninth Circuit when:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

Id. "The plaintiff bears the burden of satisfying the first two prongs of the test." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." Id. But "[i]f the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id.

Fairly construed, Plaintiff raises two arguments for personal jurisdiction.[7] The first relates to its contention that the patent is located in Washington and, per Shaffer v. Heitner, "when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction." 433 U.S. 186, 207 (1977) (footnote omitted). The Court is unpersuaded.

As the Court went on to explain in Shaffer, "the presence of property in a State" merely gives rise to the inference "of jurisdiction by providing contacts among the forum State, the defendant, and the litigation." Id. And as it noted, no such inference arises when the property at issue is chattel and there is no indication that the defendant took any action to invoke the protections of the forum state. Id. at 208 n.25; id. at 208

---

[7] The Court notes that Plaintiff's complaint contains few allegations of fact relevant to jurisdiction. Dkt. # 1 at ¶ 15; see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007))). The Court is thus forced to rely predominately on its declarations and other evidence.

ORDER GRANTING 12(B)(2) MOTION TO DISMISS FOR LACK OF JURISDICTION - 5

n.26 (citing Denckla, 357 U.S. at 253 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.")). This is precisely that circumstance. Even assuming the '547 Patent is now located in Washington, only the unilateral activity of the Plaintiff brought it here. The purported location of the property thus lends nothing to the Court's inquiry.

Plaintiff's second contention is that "jurisdiction is proper because Defendants have purposefully availed themselves within Washington by deliberately placing licenses to the 547 Patent in the stream of commerce and by soliciting licenses through the Internet." Opp. (Dkt. # 19) at 3. This too is unpersuasive. In regard to the placing licenses in the stream of commerce contention, Plaintiff's evidence demonstrates only that one of the non-objecting Defendants, ROAM Data, Inc., introduced products utilizing licensed technology into Washington. Dkt. # 20. To rope in the objecting Defendants, Plaintiff relies entirely on its argument that each acted "in concert" with ROAM to put these products "into the stream of commerce using an established distribution channel which purposefully included Washington." Opp. (Dkt. # 19) at 5.

The facts and uncontroverted allegations before the Court lend no support to this contention. First, Plaintiff's own complaint alleges only that Defendant Bencom Pty. Ltd.[8] granted ROAM a license interest in 2010 and amended that interest in 2011. Dkt. # 1 at ¶¶ 43, 50. It contains no allegations of any interactions between any of the objecting Defendants and ROAM. See generally Dkt. # 1. Nor has Plaintiff introduced evidence of other interactions. See Dkt. # 20. Accordingly, Plaintiff has provided the Court with no basis whatsoever for asserting jurisdiction under a stream of commerce theory against objecting Defendants Newcom Holdings Pty. Ltd., Aussie LLC Pty. Ltd.,

---

[8] The Court notes that the objecting Defendants allege that Plaintiff served Bencom Group Pty. Ltd., which is not a Defendant, rather than Bencom Pty. Ltd., which is. Nevertheless, as the parties have fully briefed the issue of this Court's jurisdiction over Defendant Bencom Pty. Ltd., and its contacts are interrelated with the contacts of the objecting Defendants, the Court discusses the issues surrounding its contacts here as well.

ORDER GRANTING 12(B)(2) MOTION TO DISMISS FOR LACK OF JURISDICTION - 6

Mobile VPT Limited, Fractal Commerce, Inc., or Keith Benson. See, e.g., Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty., 480 U.S. 102, 112 (1987) ("The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by <u>an action of the defendant purposefully directed toward the forum State</u>." (emphasis in original)).

Moreover, even as to Defendant Bencom, Plaintiff's factual allegations and evidence fall woefully short of establishing the necessary "substantial connection." As Plaintiff recognizes, the mere fact that Bencom granted ROAM a license and ROAM later introduced its products into the Washington market is not enough to subject Bencom to personal jurisdiction here. Id. ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State."). Nor would it be enough if Bencom knew of ROAM's intentions when it granted the license. Id. But see Dkt. # 24 at ¶¶ 8–10 (disclaiming any knowledge of ROAM's intentions). To the contrary, Asahi plainly states: "But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." 480 U.S. at 112.

What Plaintiff must show is an affirmative act on the part of Bencom to avail itself of the Washington market, id., and Plaintiff has failed to make that evidentiary showing. Its allegation of "in concert" activity is entirely speculative—not supported by any evidence before this Court. See Dkt. # 20. Accordingly, there does not even exist a "conflict[] between the facts contained in the parties' affidavits" that "must be resolved in [Plaintiff's] favor." Rio Props., 284 F.3d at 1019. Rather, the only evidence before the Court is that Bencom and ROAM entered into an arms-length licensing agreement and that ROAM's thereafter accessed the Washington market. Dkt. # 24 at ¶¶ 8–10. For the reasons explained, this is not enough. Asahi, 480 U.S. at 112.

ORDER GRANTING 12(B)(2) MOTION TO DISMISS FOR LACK OF JURISDICTION - 7

1    Likewise, the Court disagrees with Plaintiff's contention that Defendant
2  Bencom's maintenance of a nationally accessible YouTube web page subjects it to
3  jurisdiction here. The page does nothing more than list Bencom's licensees. Dkt. # 20
4  at 10. It is the quintessential example of a passive website, and the Ninth Circuit has
5  made clear that "'maintenance of a passive website alone cannot satisfy the express
6  aiming prong'" necessary for personal jurisdiction under <u>Pebble Beach</u> and its progeny
7  absent "something more." <u>Mavrix Photo, Inc. v. Brand Techs., Inc.</u>, 647 F.3d 1218,
8  1229 (9th Cir. 2011) (citation omitted). And in this case, there is nothing more. "[T]he
9  objectionable webpage [sic] simply was not aimed intentionally at [Washington]
   knowing that harm was likely to be caused there." <u>Pebble Beach</u>, 453 F.3d at 1157.
10   In sum then, the Court finds that Plaintiff has failed to show that any the
11 objecting Defendants have undertaken any actions that would subject them to personal
12 jurisdiction in this state. It has failed to make even a "prima facie showing of
13 jurisdiction." <u>Rio Props.</u>, 284 F.3d at 1019.

### C. Attorney's Fees

   Having concluded that none of the objecting Defendants are subject to personal
jurisdiction in this state, the Court must consider whether they are entitled to their
reasonable attorney's fees pursuant to RCW 4.28.185(5). The Court finds that they are.

   RCW 4.28.185(5) provides: "In the event the defendant is personally served
outside the state on causes of action enumerated in this section, and prevails in the
action, there may be taxed and allowed to the defendant as part of the costs of defending
the action a reasonable amount to be fixed by the court as attorneys' fees." RCW
4.28.185(5). The Washington Supreme Court has interpreted this provision to authorize
"an award of reasonable attorney fees to a defendant who, having been hailed [sic] into a
Washington court under the long-arm statute, 'prevails in the action.'" <u>Scott Fetzer Co.,
Kirby Co. Div. v. Weeks</u>, 114 Wn.2d 109, 112 (1990). And it has concluded that
properly served "defendants who prevail jurisdictionally" present "the paradigm case for

ORDER GRANTING 12(B)(2) MOTION TO DISMISS FOR LACK OF JURISDICTION - 8

an award of fees under RCW 4.28.185(5)." Id. at 114.  Each of the properly served objecting Defendants are thus entitled to their reasonable attorney's fees.

### III. CONCLUSION

For all of the foregoing reasons, the motion (Dkt. # 15) to dismiss is GRANTED. Defendants Newcom Holdings Pty. Ltd., Aussie LLC Pty. Ltd., Mobile VPT Limited, Fractal Commerce, Inc., and Keith Benson are dismissed from this action for lack of personal jurisdiction. The Court directs them to submit, within ten days of the date of this Order, a declaration setting forth their reasonable costs, including attorney's fees. If it chooses, Plaintiff may file a response to the declaration within five days of its filing.

Otherwise, the Court notes that "Specially Appearing Defendant" Bencom Group Pty. Ltd. is not a named defendant in this action and is therefore not a party to the action. See Dkt. # 1. And the Court wishes to be clear that Defendant Bencom Pty. Ltd. remains a named Defendant at this time. It has yet to appear and was not a party to this motion. It will remain a Defendant until it appears and objects[9] to this Court's jurisdiction or is otherwise dismissed.

DATED this 11th day of June, 2012.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[9] A defendant can always waive a personal jurisdiction objection. Fed. R. Civ. P. 12(h).

ORDER GRANTING 12(B)(2) MOTION TO DISMISS FOR LACK OF JURISDICTION - 9